That's exactly what they did. It takes time for armies to move. Our next case is BE Technology versus Facebook, 2018, 2356. Mr. Weinberg. Thank you, your honors. How come you didn't bring your own audience? Well, some folks are still here. They should really stay, because this case presents what may flow, I suspect, from the resolution of the appeals that were just argued, because this case presents the question of whether a party prevails when a case is declared moot, following the cancellation of patent claims. You're here for $4,400. That's correct, your honor. To avoid an assessment of $4,400. That's right, your honor. And Facebook, in its motion to have the case dismissed with prejudice, when it was pursuing $4,000, it informed the district in Tennessee, the Western District of Tennessee, that it needed a dismissal with prejudice so that it could be the prevailing party. And at appendix 26, it specifically said, if you dismiss this case as moot, as BE contends it is, we would be deprived our status as prevailing party and would not be able to recover the roughly $4,000 in costs that were incurred in the case. And when the district court dismissed the case as moot, it was consistent with Judge O'Malley's decision in target training, where it recognized that under Phrenicius, the cancellation of the claim moots the related district court litigation. We decide cases by three judge panels, not by one judge. And in that case, your honor, the decision of Phrenicius and target training, which the court followed, said, indeed, the case is moot. It's not to be dismissed with prejudice. And nevertheless, Facebook turned around, despite telling the court that it needed a dismissal with prejudice to be the prevailing party, and told the court that it was, in fact, a prevailing party, despite the mootness. Well, that mootness discussion in those cases had nothing to do with prevailing party status, right? That's correct, your honor. Okay, so, and I don't, you know, when you're a procedure nerd like I am, the case could be worth four cents, and I wouldn't care. I'd still be interested. But it is intriguing that you would put all this time and money into it, just as a matter of practicality. Having said that, even if they thought they needed a dismissal with prejudice, because it's what our old case law used to say, and what Buchanan seemed to imply, when you really drill down in Buchanan, and you now look at the Supreme Court's decision in CRST, it's clear that you don't need that, right? Well, I think if you look at CRST, CRST confirmed what Buchanan held, which is that there is one standard for the determination of a prevailing party, and that is the material alteration of the legal relationship of the parties. Right. And that change must be marked by judicial infringement. In Buchanan, it had to do with whether voluntary action on the part of a defendant was sufficient to create prevailing party status, right? That's right, Judge. There was a rejection of the catalyst theory in Buchanan. Catalyst theory is the theory by which a defendant taking unilateral action outside of a court order rendering moot a case could result in the plaintiff being declared the prevailing party. Right, so that was a very narrow rejection of the catalyst theory, right? Well, that was a sufficient rejection of the catalyst theory such that cases that follow Buchanan no longer allow for the recovery of costs or fees. Okay, but CRST says expressly that you don't need a judgment on the merits. That's correct, Your Honor. To be a prevailing party. That's true, and that opens the door for prevailing party status to a wider array of cases. However, it doesn't… Cases that we would label non-merits cases. Correct, Your Honor. So we have two categories, and it seems to me that CRST clearly differentiates between two categories. Merits cases, decisions. Decisions on merits cases, decisions on non-merits cases. Which category does a decision that's articulated as a mootness decision fall? Is it a merits decision? Judge Plager, it is… Is it a merits decision? It is certainly not a merits decision. Is it a non-merits decision then? It is not on the merits, but it's on a decision. Is it a non-merits decision then? It is a non-merits adjudication. It is, however, not an adjudication. It's a third category, Mr. Weinberg. You have created a third category. There's merits decisions, there's non-merits decisions, and then there's mootness decisions. I've looked through all the cases, and you're doing something really unique. Can you help me understand what the authority for this unique third category is? I would love to, Your Honor. So in the context of a prevailing party, CRST confirmed what Buchanan held. The standard is the standard. This court in Robinson v. O'Rourke, as well as Rainier, two 2018 cases that followed CRST, both confirmed that the standard for prevailing party is a material alteration of the legal relationship of the parties marked by judicial imprimatur. Now CRST indeed states very clearly for defendants it is no longer necessary that there be a decision on the merits. A decision not on the merits is enough, provided, however, we still have the touchstone, which is the language of CRST, that there is a decision that materially alters the legal relationship of the parties. Let me ask you your view on this question. The trial judge in this case dismissed the case. That's correct. Was that dismissal conclusive? It was conclusive insofar as the case was dismissed and it was removed from the docket. It was not preclusive insofar as it has no preclusive effect. You think you could go back at any time to that same court and file that same complaint again against Facebook and retry the same case? I do not. But I can't do that. Why can't you? I can't do that because the patent claims were canceled. It is not because of the mootness dismissal. Well, wait a minute. The patent claims being canceled did not decide your case. What decided your case was the district court, because that's where your case was. The PTAB, with all their marvelous powers, the one thing they don't do is decide district court cases. Only district judges do that. And a district judge, I think, would be offended if the district judge was told, district judge, you don't decide your cases anymore. They're decided by the Patent and Trademark Office. The district judge decided this case, didn't he? I disagree, Your Honor. You don't think the district judge decided the case? The district judge lost jurisdiction over this case due to intervening mootness. As this court's decisions in Frenicius and target training hold, there was no decision to be made. Let me test that one further way. Let's assume, hypothetically, that the district court had said, I see the motion before me telling me that the PTAB has invalidated these claims, and it looks to me like you no longer have a case or a claim, the other kind of claim, legal claim, for which relief can be granted by this court, and therefore I'm dismissing the case. What result? If the district court had written that instead of the word moot, would that change the whole thing? Indeed it would. Really? If the case had been dismissed with prejudice? No, he simply says, you do no longer have a claim for which this court can grant relief. That's what the rules provide him to say. Had he said that instead of moot, it would be a whole different thing. Is that what you're telling me? Your Honor, in that hypothetical, if there is not an adjudication either with prejudice or without prejudice or moot, it would be hard for me to answer the question and say what the effect would be. In the decision... You do agree that this case is over? Absolutely. This is the last act, I hope. And you cannot retry it? It cannot be asserted. There are no longer claims that were asserted. And you cannot retry it, right? Well, it had never been tried, so it can't be tried whether it's retried or not. You cannot reassert the cause of action. B.E. cannot go back into court and assert... You no longer have a cause of action that this court can give relief for. Because you were a prevailing party. Well, we did not prevail. Although, if you look at the position that Facebook's taken, its position is such that the decision in Buckhannon should have been a decision for the defendant. The party that was not seeking prevailing party status in Buckhannon was the... The party who was seeking prevailing party status in Buckhannon was the plaintiff. The plaintiff filed a lawsuit to change the impact on its old-age homes. Right, and they said that a defendant's voluntary act that then effectively moots the case is not enough to give prevailing party status to the plaintiff. So is it your view that putting aside a defendant's voluntary act, any time there's a finding of mootness, there can be no prevailing party? That's right, Your Honor, and what I would point the court to is footnote 6 of the Rice Services v. United States case. And that was a Federal Circuit case from 2007 in which the plaintiff attempted to rely on a catalyst-like theory. But that was before CRST, right? It was, but what I'll point to is footnote 6 in which it says that the court writes, obviously, if the case was moot, then the dismissal order had no effect on the party's legal relationship and did not confer upon Rice prevailing party status. And the CRST case, albeit after Buckhannon, it confirmed that the touchstone of the prevailing party standard is the material alteration. Right, so how is this not a material alteration of the party's status when the mootness finding, which has the effect of dismissing the case, in a case where there can be no further action against the defendant? Your cause of action is terminated, right? That's right, Your Honor, but it's not the mootness decision that did that. Well, what if the judge said it's moot? Who did it then? The mootness decision was simply a reaction to the cancellation of the claims. It was the cancellation of the claims by the director in response to the affirmance of the Microsoft petition that resulted in the termination. Let me read you a statement and see if you agree with it. Success in the PTAB is not success in district court and does not involve a judicial decision altering the legal relationship of the parties. Do you agree with that? I do. You should. You wrote it. Let me read another sentence. The ultimate question is whether appellees should be considered prevailing parties in the federal court action, a prerequisite to eligibility for attorney fees under Section 1988. That's a quote from some other case. You do agree that the district judge made a final judgment in your case. Did he make a final judgment in your case? There is a judgment in the case. Did he make a final judgment in your case? The judge entered judgment. He made no decision. Did he enter a final judgment in your case? He did enter a final judgment. There's a 50% of that judgment to terminate your cause of action. No, Your Honor. The cause of action was terminated when the case became moot. Success in the PTAB is not success in district court and does not involve a judicial decision altering the legal relationship of the parties. So the PTAB was not success in the district court. Somebody had success in the district court. This is most strange. I submit that nobody had success in the district court. In the context of a moot case, there is neither a prevailing party, whether it's the plaintiff or the defendant. As Justice Scalia wrote in the concurring opinion of the Buck-Hannon case, you may say that Facebook prevailed, and I have no doubt that their celebration was better than BE's celebration. But there is no prevailing party in the lawsuit, and that's Justice Scalia in the Buck-Hannon concurrence. Well, the question whether there's a prevailing party in the lawsuit is a conclusion that we can arrive at. But first we have to decide who won in the district court. And your answer is nobody won in the district court. They won in the PTAB. Well, I wouldn't say that Facebook won because Microsoft won and Facebook's petition was dismissed. But nobody won in the district court. I agree with your honor. Counsel, your time is just up. We'll give you two minutes for rebuttal time, but we'll hear from Ms. Terrell. Thank you, your honors. Thank you, your honors. As an initial matter, Facebook absolutely prevailed in the district court. The PTAB action would not have existed but for the district court case brought against Facebook by appellant. Facebook pursued its invalidity challenge at the PTAB. Facebook received a final written decision from the PTAB invalidating all of the claims that were asserted by appellant against Facebook at the district court. Now, appellant seems to be trying to draw a distinction about the later procedural history for those PTAB final written decisions and the fact that this court had to look at three final written decisions and ultimately decided and upheld the invalidity challenge that had been brought by Microsoft. And in so doing, did not need to consider the final written decision that was obtained by Facebook. But the bottom line is that final written decision, it still stands. It wasn't vacated. This court didn't need to take the time to go through the analysis again because the patent had been invalidated three different ways and this court was able to uphold the first of those ways and not waste its time. But you do have a little bit of an uphill battle here because there are no cases directly on point, correct? I agree, Your Honor. There are no cases directly on point. And you thought you needed something more from this judge? Well, Your Honor, when we went in front of the judge in 2017, we did not yet have the benefit of your decision in Rainier. And this court in Rainier embraced CRST as the law for when we are determining the issue of whether a defendant is a prevailing party. And this court in Rainier reiterated the standard that CRST had put forward. CRST doesn't decide this case. What CRST tells us is it doesn't need to be a merits decision. It can be a non-merits decision. Now, the argument in this case is it's a third category. It is a mootness category. But I'm not sure I understand that argument, as you could tell from my colloquy with your colleague. You do need some sort of dispositive disposition at the district court. Absolutely, Your Honor. And there wasn't one in this case. Well, I would argue we did get one here. The district court judge sat down and wrote a six-page order in which he analyzed the impact of the PTAP final written decision of the invalidity of appellant's claims on the case at the district court. And Facebook had brought its initial motion asking for a certain type of dismissal. But the bottom line was, as the Supreme Court cautioned us in CRST, we need to apply our common sense. We were asking for a disposal that would allow us to seek our costs. But really, more technically, this should have been a 12B judgment, basically saying they no longer have a claim upon which they would be entitled to relief. Isn't that right? Which would be a final decision on the merits. And it would be a final decision. No, that's no more a final decision than saying, oh, dear, this case is moot because there are no valid claims. This is another way of saying there are no valid claims. That's right, Your Honor, which means that their cause of action was extinguished. And it was extinguished due to Facebook's action, due to Facebook's invalidating of their patents. Do you have any case, I mean, clearly a 12B determination as it relates to failure to state a claim is on the merits. But as it relates to the question of whether a mootness determination is on the merits, so in terms of the three categories that Judge Plager's pointing out, you don't have any case that would say it's a merits determination, right? No, Your Honor. Although, I mean, I would direct the court to the Supreme Court's decision in CRST in which it listed some different types of claims that could result in a defendant being a prevailing party, and one of them was mootness. Right. Vernier is an important decision in this world because it clearly moves us out of the merits question and what is a merits and what isn't a merits. But I'm not sure it moves us all the way to decide that a judgment based on mootness is the same thing as a judgment in which, as Judge O'Malley, I think, correctly points out, the proper disposition in these cases ought to be the simple 12B dismissal. You no longer have a cause of action for which relief can be granted. That's a very straight, that's what the rules are for. They use the wrong words. Now, we ordinarily, I think, my colleagues might not agree with me, but I think they would, we ordinarily don't review decisions, we review judgments. And the judgment in this case was you win. Absolutely, Your Honor. What's wrong with that? Well, you have to look at the change in the legal status of the parties, and that's what CRST and that's what Vernier direct us to do. You have to look at whether the plaintiff was successful in their claim or whether the defendant successfully rebuffed that claim, which is what happened here. And as the Supreme Court said in CRST, we need to look at it through a common sense lens. We have a situation where there was an attempt by the appellant to change the legal status between the parties, to make Facebook a defendant, to make Facebook an infringer. Do you think this was a dispositive decision by the district judge? Your Honor, it certainly was a decision that was... Answer my question. Do you think the judge gave a dispositive decision in this case? I would argue yes, Your Honor. How would you deal with the case in which your petition to the PTAB goes to the PTAB, the PTAB institutes review, as they did here, but before a final written decision is issued, the plaintiff voluntarily dismisses the suit. And the trial judge says, oh, okay, suit dismissed, you're out of here. Is that a dispositive disposition from your viewpoint? Would you be entitled to attorney's fees? Well, on the issue of costs under Rule 54... Would you be entitled to costs? Your Honor, that's certainly a harder case, right? We're talking about someone with their hand in the cookie jar, but they haven't yet touched the cookie. What we are dealing with here is Facebook being forced to deal with a case in district court. My children would never agree to that hypothetical. Go ahead. Facebook incurred costs in dealing with this case in district court. Facebook took the dispute to the PTAB. Facebook came back with a clear victory from the PTAB, presented this to the district court, and at this point, the goal of awarding costs is to try and put Facebook at least somewhat in the position that it would have been but for this lawsuit. If you had had Raniere, or as we used to refer to it, and I thought was correct, Raniere, but either way, if you had had that case before you had filed your motion, how would you have formulated your request? Sure, Your Honor. I think that we would have recognized that the specific request for dismissal with prejudice was unnecessary, that it is simply that Buckhannon does not tell us what we need to do, that we can look at CRST, that we can say, the bottom line here is a claim was extinguished. It may never be brought again. They may never sue Facebook. So would you have filed your motion under 12B instead of 12C? You know, I'm not sure that that would matter, Your Honor. The bottom line being that the finality of the decision, these claims may not be asserted against Facebook again. That is, that extinguishing of the claims, that is what this should turn on. So substance over form, a little bit. Absolutely, Your Honor, and I think that as the courts have iterated on this, as you see from, you know, Buckhannon to CRST to Ranieri, you see that there is an iteration on what is the exact mechanism for this, and CRST ultimately counseling us that we need to not put form over substance, that we need to apply our common sense, that we need to look at, you know, whether a plaintiff was successful in changing the legal relationship, and here, clearly, the plaintiff was not. Unless the court has any further questions, I can rest on my argument. Thank you, counsel. Thank you for your time. Mr. Weinberg has two minutes for rebuttal. Thank you, Your Honor. I want to go back to what matters here, and what matters is the scope of a federal court's jurisdiction. And footnote six of resurfaces... What federal court are we talking about? Federal district courts. Okay, good. Footnote six cites North Carolina v. Rice. I don't know why everything is Rice in this case, but in that case, the Supreme Court has held that it has frequently been reported that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. This is the Rice case. That is footnote six from Rice Services. What year was that? 2007. And it's citing... It's a little early, isn't it? Well, it's a little... It's before CRST, but I don't think it matters, because CRST makes clear that for defendants, decisions not on the merits can result in prevailing party status, provided, however, there are still the basics. You need a decision that materially alters the legal relationship of the parties, and there must be judicial imprimatur. So you need a judicial decision. What Rice Services says, as well as RFR Industries, also cited in our brief, another federal case, those cases hold that certain decisions, although they're non-merits, do not change materially, but don't change at all the legal relationship of the parties. And the basics of Article III jurisdiction provide that courts can't decide cases where there's no case or controversy. So when there's intervening mootness, as there was in this case, Judge McCollough was deprived jurisdiction. His judgment, labeled judgment on the piece of paper, uploaded through ECF. It wasn't a decision. He didn't resolve anything. He had no power to resolve anything. And that's already v. Nike. That's North Carolina v. Rice. I've been told by a very diligent law clerk that West now says Rice is no longer good law. Isn't that weird? I think it is weird, because I think the statement that Rice Services has here doesn't turn on whether there's a merits decision or a non-merits decision. It simply turns on whether or not there was a material alteration of the legal relationship. And that's the standard. And you think there was no material alteration in your legal world? There was no material alteration resulting from the mootness dismissal. There certainly has been a material alteration as between the parties, but not as a result of the mootness dismissal. Thank you, Counsel. Thank you. The case is submitted.